THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF
 SOUTH CAROLINA
In The Court
 of Appeals

 
 
 
 The State, Appellant,
 v.
 Henry M. Anderson, Jr., Respondent.
 
 
 

Appeal From Florence
 County
Honorable
 Michael G. Nettles, Circuit Court Judge
Unpublished Opinion
 No. 2009-UP-091
Submitted
 February 4, 2009  Filed February 20, 2009
AFFIRMED AS
 MODIFIED

 
 
 
 Attorney General Henry D. McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Office of the Attorney General, of Columbia; and Solicitor E.L. Clements, III,
 of Florence, for Appellant.
 Henry M. Anderson, Jr., of Florence,  Pro Se,
 for Respondent.
 
 
 

PER CURIAM:  In this case, the State asserts the dismissal of a traffic
 ticket by the magistrate court at a pretrial hearing was in error.  The circuit
 court affirmed the decision of the magistrate and this appeal followed.  We
 affirm as modified.[1]
1.  The gravamen of the State's argument on appeal is that based
 upon the Francis Marion University (FMU) campus police officer's status as a
 State Constable, the officer possessed statewide authority to issue citations
 at any location in the state.  However, other than a bald assertion of
 statewide authority, the campus officer's constable status was never
 established before the magistrate although the officer was given an opportunity
 to do so.  We question whether the issue was properly preserved by the
 officer's unsupported assertion before the magistrate; however, even if we were
 to consider the officer's constable commission submitted by the State for the
 first time on appeal, that commission nonetheless is dated after the date of
 the offense herein.  Accordingly, the officer's statewide authority was never
 established.
2.  The State also contends on appeal that the circuit court
 improperly applied Sections 59-116-10 et. seq. of the South
 Carolina Code (2007) due to the officer's alleged status as a State Constable
 at the time he issued the ticket and due to FMU's classification as a public
 institution.[2] 
 However, the campus officer's status as a State Constable is dispositive under
 either § 23-1-60 (State Constable provision) or under § 59-116-10 et. seq. (noting § 59-116-20
 specifically requires the campus police officer to be commissioned as a
 constable pursuant to § 23-1-60 (State Constable provision)).  Since the
 officer's status as a State Constable was never established in this record, the
 circuit court's statutory interpretation of § 59-116-10 et. seq. was
 unnecessary.  Accordingly, we need not resolve the statutory construction
 question and thus vacate that portion of the circuit court's order.
AFFIRMED AS MODIFIED.
HEARN, C.J., and PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We note the circuit court's scrivener's error in
 citing § 56-119-20 rather than § 59-116-20.